## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANN NEUMANN, J.D., not | ) | |
| Individually but as the representative | ) | |
| of SENB Bank, and the guardian of | ) | |
| the estate of RICARDO HAYES | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2018 C 5515 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, and | ) | |
| OFFICER KHALIL MUHAMMED, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO AMENDED COMPLAINT

Defendant Officer Khalil Muhammad ("Defendant Muhammad"), by and through one

of his attorneys, Laniya Moore, submit his Answer, Affirmative Defenses, and Jury Demand

to Plaintiff's Amended Complaint, stating as follows:

## INTRODUCTION

1.      Ricardo Hayes ("Ricky") is a young African American male who suffers
from intellectual and developmental disabilities. Early in the morning on August 13, 2017, Ricky
was harmlessly skipping and running around his neighborhood. He was unarmed and not
engaged in any criminal activity. Ricky was spotted by Officer Khalil Muhammad, who was
off-duty and driving his own truck. Officer Muhammad aggressively chased Ricky in his truck
pulling up onto the sidewalk. Startled by Office Muhammad, Ricky ran away, but then stopped,
and stood in the front yard of a nearby house. Officer Muhammad drove to the house where
Ricky was standing and stopped his truck in the middle of the street approximately 20 feet from
Ricky. Ricky did not move; he stood with his hands at his sides facing Officer Muhammad's
truck.   While still sitting in his truck, Officer Muhamad opened fire on Ricky, hitting Ricky
multiple times.

**ANSWER**:     Defendant Muhammad denies the sequence of events as presented by Plaintiff.

Defendant Muhammad lacks knowledge or information sufficient to form a belief as to the truth

or falsity of whether Plaintiff suffers from intellectual and developmental disabilities, whether

Ricky was harmlessly skipping and running around his neighborhood early in the morning on

August 13, 2017, whether Plaintiff was not engaged in any criminal activity, whether Plaintiff

was unarmed, whether Plaintiff was startled and whether he was approximately 20 feet from

Plaintiff, and whether he hit Plaintiff multiple times.    Defendant Muhammad admits that he was

off-duty and driving his own truck when he saw Plaintiff and that Plaintiff ran away, but then

stopped, and stood in the front yard of a nearby house.    Defendant Muhammad admits that he

drove to the house where Plaintiff was standing and stopped his truck in the middle of the street.

Defendant Muhammad further admits that while sitting in his truck, he fired his service weapon.

Defendant Muhammad denies that he aggressively chased Plaintiff in his truck pulling up onto

the sidewalk and that Plaintiff did not move and stood with his hands at his sides.


2.    When Officer Muhammad later called 911 to send an ambulance for Ricky he
stated that he was forced to shoot because Ricky had "walked-up" on his car and tried to pull a
gun. Officer Muhammad lied. The shooting was captured on video by a near-by security camera.
Ricky did not approach Officer Muhammad and did not have a gun.

**ANSWER**:    Defendant Muhammad denies that when he called 911 that he stated that he was

forced to shoot because Ricky had walked up on his car and tried to pull a gun.    Answering

further, Defendant Muhammad denies that he lied and that Plaintiff did not approach him.

Defendant Muhammad admits that he was captured on video by a security camera firing his

service weapon. Defendant Muhammad lacks knowledge sufficient to form a belief as to the

truth or falsity of whether Plaintiff did not have a gun.


3.    Officer Muhammad attacked Ricky. His conduct was unjustified and a violation
of the law.

**ANSWER**:    Defendant Muhammad denies the allegations contained in his paragraph.

4.      Almost a year after the shooting, the Chicago Police Department and the City of Chicago have not found that the shooting was unjustified, and, upon information and belief, Officer Muhammad is still a member of the Chicago police force.

**ANSWER**:      Defendant Muhammad admits that he is still a member of the Chicago Police

Department but lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations contained in this paragraph.

## JURISDICTION AND VENUE

5.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of law, of Ricky's rights as secured by the United States Constitution.

**ANSWER**:      Defendant Muhammad admits that Plaintiff is bringing this action as alleged but

denies the wrongdoing or unlawful conduct described herein.

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1367.

**ANSWER**:      Defendant Muhammad admits that jurisdiction is proper.

7.      Venue is proper under 28 U.S.C. § 1391 (b)(1) and (2), because all acts giving rise to Ricky's claims occurred in the Northern District of Illinois and defendants reside in this district.

**ANSWER**:      Defendant Muhammad admits that venue is proper and that he resides in the

judicial district. Answering further, Defendant Muhammad denies that the events alleged in the

complaint occurred as described the Complaint.

## PARTIES

8.      Ricky is a resident of Chicago.

**ANSWER**:      Defendant Muhammad lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations contained in this paragraph.

3

9.     The City of Chicago (the "City") is a municipal corporation, as defined in the Illinois Municipal Code, 65 ILCS 5/1-1-2(1). The City is located within the Northern District of Illinois.

**ANSWER**:     Defendant Muhammad admits the allegations contained in this paragraph.

10.     The City is organized into various departments, including the Chicago Police Department ("CPD"). The City owns, operates, manages, directs, and controls CPD.

**ANSWER**:     Defendant Muhammad lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations contained in this paragraph.

11.     Officer Khalil Muhammad is an employee of CPD.

**ANSWER**:     Defendant Muhammad admits the allegations contained in this paragraph.

## FACTS RELEVANT TO ALL COUNTS

12.     Ricky is African American. He was born with intellectual and developmental disabilities. While he is now 20-years old, he functions at the cognitive level of a child, and he has difficulty communicating. Ricky looks much younger than his age and his disabilities are immediately recognizable.

**ANSWER**:     Defendant Muhammad lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations contained in this paragraph.

13.     Ricky lives with a caretaker on the South Side of Chicago. At approximately 1:25 a.m. on August 13, 2017, Ricky's caretaker checked on him in his room and he was not there, having snuck out of the house.

**ANSWER**:     Defendant Muhammad lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations contained in this paragraph.

14.     At approximately 1:30 a.m., Ricky's caretaker contacted CPD and reported Ricky as missing.

**ANSWER**:     Defendant Muhammad lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations contained in this paragraph.

15.     At approximately 2:00 a.m., police officers arrived at Ricky's home, at which time Ricky's caretaker completed a missing person report and informed the officers of Ricky's disabilities.

**ANSWER**:     Defendant Muhammad lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations contained in this paragraph.

16.     After sneaking out of the house, Ricky skipped and ran around his neighborhood, often singing to himself. He was dressed in shorts, a short sleeve shirt and sneakers. Ricky was unarmed and did not engage in any criminal activity. Multiple surveillance cameras captured Ricky harmlessly roaming around his neighborhood.

**ANSWER**:     Defendant Muhammad lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations contained in this paragraph.

17.     Shortly before 5:00 a.m., Officer Muhammad spotted Ricky. Office Muhammad was off duty and driving his own truck. Without any reasonable suspicion of criminal activity, Officer Muhammad began chasing Ricky with his truck.

**ANSWER**:     Defendant Muhammad admits that shortly before 5:00am, he was off duty driving

his own truck when he saw Plaintiff.    Answering further, Defendant Muhammad denies the

remaining allegations contained in this paragraph.

18.     Officer Muhammad drove his truck up onto the sidewalk only a few feet from Ricky. Ricky was reasonably scared by Officer Muhammad's aggressive approach and ran away. Officer Muhammad continued to chase Ricky in his truck.

**ANSWER**:     Defendant Muhammad denies the allegations contained in this paragraph.

19.     Ricky eventually stopped running and stood in the front yard of a house at, or near, 10947 S. Hermosa Avenue.

**ANSWER**:     Defendant Muhammad admits the allegations contained in this paragraph but

denies the sequence of events as presented by Plaintiff.

20.     As Ricky stood motionless, Officer Muhammad drove up in his truck and stopped in the middle of the street, approximately 20 feet from Ricky. Seconds later, while sitting in the driver's seat of his truck, Officer Muhammad opened fire on Ricky with his service weapon, a Glock 19, hitting Ricky in his chest and arm.

**ANSWER**:    Defendant Muhammad denies the sequence of events as presented by Plaintiff.

Answering further, Defendant Muhammad denies that Plaintiff stood motionless when

Defendant Muhammad drove up in his truck and stopped approximately 20 feet from Plaintiff in

the middle of the street. Answering further, Defendant Muhammad admits that he fired his

service weapon but lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations contained in this paragraph.

21.    When Officer Muhammad opened fire, Ricky was standing almost perfectly still, facing Officer Muhammad's truck, with his hands at his sides. Ricky did not make any aggressive moves toward Officer Muhammad.

**ANSWER**:    Defendant Muhammad denies the allegations contained in this paragraph.

22.    After being shot, Ricky ran away again, and Officer Muhammad continued to chase after him in his truck. When Officer Muhammad caught up with Ricky, he ordered Ricky to lay face first on the ground, and Ricky complied.

**ANSWER**:    Defendant Muhammad denies the sequence of events as presented by Plaintiff.

Answering further, Defendant Muhammad admits that Plaintiff ran after he was shot and that

Plaintiff complied when Defendant Muhammad ordered Plaintiff to lay face first on the ground.

Defendant Muhammad denies that the remaining allegations contained in this paragraph.

23.    Officer Muhammad took custody of Ricky, called 911, and requested an ambulance.

**ANSWER**:    Defendant Muhammad admits the allegations contained in this paragraph.

24.    In his recorded call to 911, Officer Muhammad falsely claimed that he "had to" shoot Ricky because Ricky had "walked-up" on his truck, and tried to pull a gun on him. Officer Muhammad also stated in his report to CPD that he shot Ricky because he was in imminent threat of battery.

**ANSWER**:    Defendant Muhammad denies that in his recorded call to 911 he falsely claimed

that he had to shoot Plaintiff because Plaintiff had walked up on his truck, and tried to pull a gun

on him.    Answering further, Defendant Muhammad admits the remaining allegations contained in this paragraph.

25.      Following the shooting, Police Superintendent Eddie Johnson stated in a news conference that Officer Muhammad had questioned Ricky, who became "elusive and unresponsive." He further stated that "Officer Muhammad continued to question the man, and the encounter escalated in some way which prompted the off-duty officer to discharge his weapon." See August 15, 2017, Chicago Tribune memorialization of Police Superintendent Eddie Johnson's press conference (Exhibit A).

**ANSWER**:    Defendant Muhammad admits Exhibit A documents a press conference in which

Superintendent Johnson made statements.    Answering further, Defendant Muhammad lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

contained in this paragraph.

26.      These accounts are false. The shooting was recorded by a security camera. The video clearly shows Ricky, unarmed and standing harmlessly 20 feet from Officer Muhammad's truck when he was shot, not approaching or threating Officer Muhammad in any way. There was no "escalation" between Ricky and Officer Muhammad. Officer Muhammad simply shot Ricky multiple times while he stood far away posing no threat.

**ANSWER**:    Defendant Muhammad admits that the shooting was recorded by a security

camera.    Answering further, Defendant Muhammad denies the remaining allegations contained

in this paragraph.

27.      Even though the CPD has videos of the events that took place that morning, the CPD and City have not found the shooting to be unjustified and, upon information and belief, Officer Muhammad is still a member of the Chicago police force.

**ANSWER**:    Defendant Muhammad admits that he is still a member of the Chicago Police

Department.    Answering further, Defendant Muhammad lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this

paragraph.

## CPD's Pattern of Abuse

28.     Prior to and at the time of Ricky's shooting, CPD was engaged in a widespread pattern of using unlawful force in violation of individual constitutional rights, especially against minorities and those with mental handicaps. This Pattern has been allowed and promoted by the City. (See Exhibits B and C).

**ANSWER**:     Defendant Muhammad lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations contained in this paragraph but denies any personal

knowledge or involvement in a widespread pattern of using unlawful force in violation of

individual constitutional rights, especially against minorities and those with mental handicaps.

## COUNT I – 42 U.S.C. § 1983
## EXCESSIVE FORCE (BOTH DEFENDANTS)

29.     Ricky realleges each of the proceeding paragraphs as if fully stated herein.

**ANSWER**:     Defendant Muhammad reasserts his answers contained in the preceding

paragraphs and incorporates his answers herein, as though fully stated.

30.     During the events at issue, Officer Muhammad was acting under the color of law and within the scope of his employment. Officer Muhammad was in uniform, carried his CPD service weapon, and claims he was exercising his official duties as a CPD officer investigating what he alleges was a suspicious person.

**ANSWER**:     Defendant Muhammad admits the allegations contained in this paragraph but

denies the wrongdoing or unlawful conduct described herein.

31.     Officer Muhammad's shooting of Ricky constitutes excessive force in violation of the United States Constitution.

**ANSWER**:     Defendant Muhammad denies the allegations contained in this paragraph.

32.     Officer Muhammad's conduct described herein was objectively unreasonable and was undertaken intentionally with willful indifference to Ricky's constitutional rights.

**ANSWER**:     Defendant Muhammad denies the allegations contained in this paragraph.

33.     The misconduct described herein was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**:     Defendant Muhammad denies the allegations contained in this paragraph.

34.     The misconduct described herein was undertaken pursuant to the policy and practice of CPD and City in that:

> a.     CPD directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.
>
> b.     The City has failed to provide training to the majority of its officers regarding how to recognize developmental disabilities in civilians, and how to interact with such civilians. To the extent the City has attempted to train a minority of its officers in interacting with people with mental disability, the training has been inadequate.
>
> c.     The City facilitates the type of misconduct at issue here by failing to adequately investigate, punish, and discipline instances of similar misconduct, including by delaying investigations into allegations of misconduct, thereby leading officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Ricky.
>
> d.     As a matter of widespread practice so prevalent as to comprise municipal policy, officers of CPD abuse citizens in a manner similar to that alleged by Ricky on a frequent basis, while the City makes findings of wrongdoing in a disproportionally small number of cases.
>
> e.     City policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in CPD. Officers routinely fail to report instances of misconduct and lie to protect each other from punishment, and are not disciplined for doing so.
>
> f.     The City has failed to act to remedy patterns of abuse, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

**ANSWER**:     Defendant Muhammad lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph but denies having personal knowledge or involvement in the policies or practices described in paragraphs a-f. Answering further, Defendant Muhammad denies the wrongdoing or unlawful conduct described herein and denies taken actions pursuant to the policies or practices described in paragraphs a-f.

35.     As a result of Officer Muhammad's unjustified and excessive use of force

9

and the policy and practice of the City, Ricky has suffered bodily injury, and pain and suffering, including emotional distress.

**ANSWER**:    Defendant Muhammad denies the allegations contained in this paragraph.

**COUNT II – 42 U.S.C. § 1983**
**FALSE ARREST/UNLAWFUL DETENTION (BOTH DEFENDANTS)**

36.    Ricky realleges each of the proceeding paragraphs as if fully stated herein.

**ANSWER**:    Defendant Muhammad reasserts his answers contained in the preceding

paragraphs and incorporates his answers herein, as though fully stated.

37.    Officer Muhammad falsely arrested and unlawfully detained Ricky without justification and without probable cause.

**ANSWER**:    Defendant Muhammad denies the allegations contained in this paragraph.

38.    The misconduct described herein was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**:    Defendant Muhammad denies the allegations contained in this paragraph.

39.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Ricky's constitutional rights.

**ANSWER**:    Defendant Muhammad denies the allegations contained in this paragraph.

40.    The misconduct described herein was undertaken pursuant to the policy and practice of CPD, as stated in paragraph 34 of this Complaint.

**ANSWER**:    Defendant Muhammad lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations contained in this paragraph but denies having personal

knowledge or involvement in the policies or practices as stated in paragraph 34 of this

Complaint.   Answering further, Defendant Muhammad denies the wrongdoing or unlawful

conduct described herein and denies taken actions pursuant to the policies or practices of CPD,

as stated in paragraph 34 of this Complaint.

10

41.     As a result of the unjustified violation of Ricky's rights by Officer Muhammad, undertaken pursuant to the City's policy and practices, Ricky suffered bodily injury, and pain and suffering, including severe emotional distress.

**ANSWER**:     Defendant Muhammad denies the allegations contained in this paragraph.

**COUNT III -- 42 U.S.C. § 1983**
**MONELL CLAIM (CITY OF CHICAGO)**

42.     Ricky realleges each of the proceeding paragraphs as if fully stated herein.

**ANSWER**:     This count is not directed at Defendant Muhammad; therefore Defendant

Muhammad makes no answer.

43.     The misconduct of Officer Muhammad described herein was undertaken pursuant to the policy, practices, and customs of CPD, and was ratified by the policymakers for the City with final policymaking authority. These practices included the failure to adequately train and supervise CPD officers, failure to implement policies and practices to prevent the type of constitutional violations described in this Complaint, and failure to discipline officers who engaged in constitutional violations of the type alleged in this Complaint.

**ANSWER**:     This count is not directed at Defendant Muhammad; therefore Defendant

Muhammad makes no answer.

44.     The policies and practices described in this Complaint were maintained and implemented by the City with deliberate indifference to Ricky's constitutional rights.

**ANSWER**: This count is not directed at Defendant Muhammad; therefore Defendant

Muhammad makes no answer.

45.     As a direct and proximate result of the City's actions, Ricky suffered bodily injury, and pain and suffering, including severe emotional distress.

**ANSWER**:     This count is not directed at Defendant Muhammad; therefore Defendant

Muhammad makes no answer.

46.     The City is therefore liable for the misconduct of Officer Muhammad.

**ANSWER**:     This count is not directed at Defendant Muhammad; therefore Defendant

Muhammad makes no answer.

11

## COUNT IV – 42 U.S.C. § 12132
## VIOLATION OF AMERICANS WITH DISABILITIES ACT "ADA" (CITY OF CHICAGO)

47.     Ricky alleges and each of the proceeding paragraphs as if fully stated herein.

**ANSWER**: This count is not directed at Defendant Muhammad; therefore Defendant

Muhammad makes no answer.

48.     Ricky qualifies for protection as provide for by the ADA because of his intellectual and developmental delays.

**ANSWER**:     This count is not directed at Defendant Muhammad; therefore Defendant

Muhammad makes no answer.

49.     The City is a public entity within the meaning of the ADA, 42 U.S.C. § 12131(1)(a), (b).

**ANSWER**:     This count is not directed at Defendant Muhammad; therefore Defendant

Muhammad makes no answer.

50.     Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participating in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132

**ANSWER**:     This count is not directed at Defendant Muhammad; therefore Defendant

Muhammad makes no answer.

51.     The regulation implementing Title II of the ADA provides that:


- A public entity may not, directly or through contractual or other arrangements, utilize criteria of methods of administration – (i) That have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability; [or] (ii) That have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the public entity's program with respect to individuals with disabilities. 28 C.F.R. § 35.130(b)(3).
- A public entity shall make reasonable modifications to policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the

modifications would fundamentally alter the nature of the service, program, or activity. 28 C.F.R. § 5.130(b)(7).

**ANSWER**: This count is not directed at Defendant Muhammad; therefore Defendant Muhammad makes no answer.

52. In violation of Title II of the ADA, Ricky was discriminated against on the basis of his disability, denied reasonable modifications of polices, practices and procedures, and denied the services and benefits of the City's emergency response and policing systems because the City has failed to adequately train and supervise CPD officers to respond to situations involving individuals with intellectual and developmental delay.

**ANSWER**: This count is not directed at Defendant Muhammad; therefore Defendant Muhammad makes no answer.

53. The City has been deliberately indifferent to the obvious discrimination of the CPD officers, and the need for more and different policies, practices, and procedures to prevent the violation of the rights of individuals with disabilities.

**ANSWER**: This count is not directed at Defendant Muhammad; therefore Defendant Muhammad makes no answer.

54. Ricky was denied the services and benefits of the CPD because the City failed to supervise and discipline officers' interacting with individuals that exhibit signs and symptoms of intellectual and developmental disabilities.

**ANSWER**: This count is not directed at Defendant Muhammad; therefore Defendant Muhammad makes no answer.

55. As a direct and proximate result of the City's violation of the ADA, Ricky sustained bodily injuries, and pain and suffering, including emotional distress.

**ANSWER**: This count is not directed at Defendant Muhammad; therefore Defendant Muhammad makes no answer.

## COUNT V – STATE LAW CLAIM
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (BOTH DEFENDANTS)

56. Ricky realleges each of the proceeding paragraphs as if fully stated herein.

13

**ANSWER**:    Defendant Muhammad reasserts his answers contained in the preceding

paragraphs and incorporates his answers herein, as though fully stated.

57.    Officer Muhammad engaged in extreme and outrageous behavior in chasing and shooting Ricky.

**ANSWER**:    Defendant Muhammad denies the allegations contained in this paragraph.

58.    By his behavior, Officer Muhammad intended to inflict, or knew that there was a high probability of inflicting, severe emotional distress upon Ricky.

**ANSWER**:    Defendant Muhammad denies the allegations contained in this paragraph.

59.    Officer Muhammad's actions were undertaken intentionally, with malice and reckless indifference to Ricky's rights.

**ANSWER**:    Defendant Muhammad denies the allegations contained in this paragraph.

60.    As a result of the unjustified violation of Ricky's rights by Officer Muhammad, undertaken pursuant to the City's policy and practices as described herein, Ricky did in fact suffer severe emotional distress.

**ANSWER**:    Defendant Muhammad denies the allegations contained in this paragraph.

## COUNT VI – STATE LAW CLAIM
## ASSAULT AND BATTERY (BOTH DEFENDANTS)

61.    Ricky realleges each of the proceeding paragraphs as if fully stated herein.

**ANSWER**:    Defendant Muhammad reasserts his answers contained in the preceding

paragraphs and incorporates his answers herein, as though fully stated.

62.    The conduct of Officer Muhamad, acting under the color of law and within the scope of his employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, and proximately causing Ricky bodily injuries and apprehension of injury.

**ANSWER**:    Defendant Muhammad admits that he was acting under the color of law and

within the scope of his employment.    Answering further, Defendant Muhammad denies the

remaining allegations contained in this paragraph.

14

63. The misconduct described herein was objectively unreasonable and was undertaken intentionally with willful indifference to Ricky's constitutional rights.

**ANSWER**: Defendant Muhammad denies the allegations contained in this paragraph.

64. The misconduct described herein was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**: Defendant Muhammad denies the allegations contained in this paragraph.

As a result of the shooting by Officer Muhammad, undertaken pursuant to the City's policy and practice as described herein, Ricky sustained bodily injuries, pain and suffering, including, but not limited to, a reasonable apprehension of great bodily harm and severe emotional distress.

**ANSWER**: Defendant Muhammad denies the allegations contained in this paragraph.

## COUNT VII – STATE LAW CLAIM
## FALSE ARREST AND IMPRISONMENT (BOTH DEFENDANTS)

65. Ricky realleges each of the proceeding paragraphs as if fully stated herein.

**ANSWER**: Defendant Muhammad reasserts his answers contained in the preceding

paragraphs and incorporates his answers herein, as though fully stated.

66. Ricky was unlawfully restrained despite Officer Muhammad's knowledge that there was no probable cause for doing so.

**ANSWER**: Defendant Muhammad denies the allegations contained in this paragraph.

67. The actions of Officer Muhammad were undertaken intentionally, with malice and reckless indifference to Ricky's constitutional rights and to the rights of others.

**ANSWER**: Defendant Muhammad denies the allegations contained in this paragraph.

68. As a result of the wrongful infringement of Ricky's rights, undertaken pursuant to the City's policy and practice as described herein, Ricky suffered bodily injury, and pain and suffering, including emotional distress.

**ANSWER**: Defendant Muhammad denies the allegations contained in this paragraph.

## COUNT VIII – STATE LAW CLAIM
## RESPONDEAT SUPERIOR (CITY OF CHICAGO)

69.     Ricky realleges each of the proceeding paragraphs as if fully stated herein.

**ANSWER**:     This count is not directed at Defendant Muhammad; therefore Defendant

Muhammad makes no answer.

70.     In committing the acts set forth herein, Officer Muhammad was a member and agent of CPD, acting at all relevant times within the scope of his employment.

**ANSWER**:     This count is not directed at Defendant Muhammad; therefore Defendant

Muhammad makes no answer.

71.     The City is liable as principal for all torts committed by Officer Muhammad against Ricky.

**ANSWER**: This count is not directed at Defendant Muhammad; therefore Defendant

Muhammad makes no answer.

## COUNT IX – STATE LAW CLAIM
## INDEMNIFICATION (CITY OF CHICAGO)

72.     Ricky realleges each of the proceeding paragraphs as if fully stated herein.

**ANSWER**:     This count is not directed at Defendant Muhammad; therefore Defendant

Muhammad makes no answer.

73.     Illinois law provides that public entities must pay any tort judgment for compensatory damages for which its employees are liable based on the employee's misconduct committed within the scope of their employment.

**ANSWER**:     This count is not directed at Defendant Muhammad; therefore Defendant

Muhammad makes no answer.

74.     Officer Muhammad was and is an employee of CPD, an agency of the City, and he acted within the scope of his employment in committing the misconduct described herein.

16

**ANSWER**:     This count is not directed at Defendant Muhammad; therefore Defendant

Muhammad makes no answer.

## COUNT X – STATE LAW CLAIM
## NEGLIGENT HIRING AND RETENTION (CITY OF CHICAGO)

75.     Ricky realleges each of the proceeding paragraphs as if fully stated herein.

**ANSWER**:     This count is not directed at Defendant Muhammad; therefore Defendant

Muhammad makes no answer.

76.     On information and belief, the City knew or should have known that Officer
Muhammad was unfit for his position with CPD, so much so, as to create a danger of harm to
third persons.

**ANSWER**: This count is not directed at Defendant Muhammad; therefore Defendant

Muhammad makes no answer.

77.     Officer Muhammad's unfitness proximately caused Ricky's injuries.

**ANSWER**:     This count is not directed at Defendant Muhammad; therefore Defendant

Muhammad makes no answer.


## AFFIRMATIVE DEFENSES

1.     Defendant Muhammad is entitled to qualified immunity. He is a government official who

performs discretionary functions. At the time of the incident referenced in Plaintiff's

Complaint, upon information and belief, Defendant Muhammad is a member of the

Chicago Police Department who was executing and enforcing the law. At all times

relevant to Plaintiff's Complaint, a reasonable police officer objectively viewing the facts

and circumstances that confronted Defendant Muhammad could have believed their

action to be lawful, in light of clearly established law and the information the officers

possessed at the time.

17

2.  To the extent Plaintiff failed to mitigate any of his claimed damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff.

3.  To the extent any damages claimed by Plaintiff were proximately caused, in whole or in part, by Plaintiff's actions, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by a jury in this matter.

4.  To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any willful and wanton conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See* Poole v. City of Rolling Meadows, 167 Ill.2d 41 (1995).

5.  Under Section 201 of the Illinois Tort Immunity Act ("Tort Immunity Act"), Defendants are not liable for injuries arising out of the exercise of discretionary acts.   745 ILCS 10/2-201 (2006).

6.  Under Section 202 of the Tort Immunity Act, Defendant Muhammad is not liable for injuries claimed in Plaintiff's state law claim because, as public employees, they are not liable for acts or omissions in the execution or enforcement of the law unless their conduct constitutes willful and wanton conduct.   745 ILCS 10/2-202 (2004).

Defendant Muhammad was not engaged in the execution and enforcement of the law and his conduct was not willful and wanton.

7.    As to any state law claim alleged by Plaintiff, a public employee acting within the scope of his or her employment is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204. Defendant Muhammad is a public employee, who at all times material to the events alleged in Plaintiff's Complaint, acted within the scope of his employment and is, therefore, not liable for the acts or omissions of other people.

8.    As to any state law claim alleged by Plaintiff, Defendant is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement, "attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (citations omitted).

9.    Defendant reserves the right to amend his existing affirmative defenses, and/or assert additional affirmative defenses, as more information becomes available during the course of discovery.

**<u>JURY DEMAND</u>**

Defendants request a trial by jury for all issues so triable.

/s/ *Laniya Moore*
Laniya Moore
Assistant Corporation Counsel III
City of Chicago Law Department
30 North LaSalle Street, Suite 900
Chicago, IL 60602
(312) 742-3902 (Phone)
(312) 744-6566 (Fax)

19

Andrea Campbell
Assistant Corporation Counsel III
Jessica Griff
Assistant Corporation Counsel Supervisor
Jennifer Bagby
Chief Assistant Corporation Counsel
*Attorneys for Officer Khalil Muhammad*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANN NEUMANN, J.D., not | ) | |
| Individually but as the representative | ) | |
| of SENB Bank, and the guardian of | ) | |
| the estate of RICARDO HAYES | ) | |
| | ) | |
|      Plaintiff, | ) | Case No. 2018 C 5515 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, and | ) | |
| OFFICER KHALIL MUHAMMED, | ) | |
| | ) | |
|      Defendants. | ) | |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

Gabriel Hardy
Goodman Tovrov Hardy & Johnson, LLC
105 West Madison Street, Suite 1500
Chicago, IL 60602
Email: ghardy@goodtov.com

Adam Goodman
Goodman Tovrov Hardy & Johnson, LLC
105 West Madison Street, Suite 1500
Chicago, IL 60602
Email: agoodman@goodtov.com

     **PLEASE TAKE NOTICE** that on this 26 day of February 2019, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT'S ANSWER AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT**, a copy of which is herewith served upon you.

     I hereby certify that on February 26, 2019, I electronically filed the foregoing **DEFENDANT'S ANSWER AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system.

                       */s/ Laniya Moore*
                       Assistant Corporation Counsel III